IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| BBY SOLUTIONS, INC., | ) | Civil Action No. _____ |
| BEST BUY STORES, L.P. | ) | |
| AND BESTBUY.COM, L.L.C. | ) | |
| Plaintiffs, | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| ELEPHANT GROUP, INC., | ) | |
| SAVEOLOGY.COM , LLC, | ) | (Jury Trial Demanded) |
| SUPPORTSQUAD.COM LLC and | ) | |
| BENZION ABOUD | ) | |
| Defendants. | ) | |

## ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION, DECEPTIVE TRADE PRACTICES, CYBERSQUATTING, AND UNJUST ENRICHMENT

Plaintiffs, BBY Solutions, Inc., Best Buy Stores, L.P. and BestBuy.com, L.L.C., by way of complaint against the Defendants, state and allege as follows:

## PARTIES

1.     BBY Solutions, Inc. ("BBY Solutions") is a Minnesota corporation having its principal place of business in Richfield, Minnesota.  BBY Solutions, a wholly-owned subsidiary of Best Buy Enterprise Solutions, Inc., which is a wholly-owned subsidiary of Best Buy Co., Inc., owns the GEEK SQUAD® mark at issue herein.

2.     Best Buy Stores, L.P. ("Best Buy Stores") is a Virginia limited partnership with its principal place of business located at 7601 Penn Avenue South, Richfield, MN 55423-3645.

90512563.1                                   - 1 -

3.     BestBuy.com, L.L.C., ("BestBuy.Com") is a Delaware limited liability company with its principal place of business located at 7601 Penn Avenue South, Richfield, MN 55423-3645.  Best Buy Stores and BestBuy.Com use the GEEK SQUAD mark under license from BBY Solutions. Best Buy Stores, BestBuy.Com and BBY Solutions and their predecessors-in-interest are collectively or individually referred to herein as "Best Buy."

4.     On information and belief, Defendant Elephant Group, Inc. is a Delaware corporation that owns and operates a computer technical support service, which it advertises under the name "SupportSquad."  On information and belief, Defendant has its principal place of business at 3303 West Commercial Boulevard, Fort Lauderdale, Florida 33309.

5.     On information and belief, Defendant Saveology.com LLC is a Florida limited liability company that owned and operated a computer technical support service, which it advertised under the name "SupportSquad" for a period of time prior to or concurrently with Defendant Elephant Group LLC's ownership and operation of that same service.  On information and belief, Defendant's manager is Defendant Elephant Group LLC and it too has its principal place of business at 3303 West Commercial Boulevard, Fort Lauderdale, Florida 33309.

6.     On information and belief, Defendant SupportSquad.com LLC is a Florida limited liability company that owns and operates a computer technical support service, which it advertises under the name "SupportSquad."   On information and belief,

Defendant SupportSquad.com LLC's manager is Defendant Elephant Group LLC and has its principal place of business at 3303 West Commercial Boulevard, Fort Lauderdale, Florida 33309.

7.      On information and belief, Defendant Benzion Aboud is an individual that is the principal owner and operator of Defendants Elephant Group, Inc., Saveology LLC and SupportSquad.com LLC (collectively, the "SupportSquad Entities) that in turn own and operate a computer technical support service, which they advertise under the name "SupportSquad."   On information and belief, Defendant Aboud is the founder and President of Defendant Elephant Group LLC as well as the founder and CEO of Defendant Saveology.com LLC.  On information and belief, Defendant Aboud resides in Florida and may be served at his principal place of business at 3303 West Commercial Boulevard, Fort Lauderdale, Florida 33309.

## NATURE OF THIS ACTION; JURISDICTION OF THE COURT; VENUE

8.      This is an action for trademark infringement, dilution, cybersquatting, and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. ("Lanham Act"), for trademark dilution under the Minnesota Anti-Dilution Statute, Minn. Stat. Ann. § 333.285 and the dilution laws of other states where Defendants are conducting their activities, for deceptive trade practices under Minnesota's Deceptive Trade Practices Act, Minn. Stat. § 325D.44 et seq., and for trademark infringement, unfair competition, and unjust enrichment under the common law of Minnesota and other states where Defendants are conducting their activities.

9.     This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338 (a) and (b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Best Buy's claims under state law.  This Court also has jurisdiction under 28 U.S.C. § 1332 because this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## BEST BUY AND ITS "GEEK SQUAD" MARK

11.     Best Buy, a multi-national consumer electronics retailer, offers technical support services throughout the country under the GEEK SQUAD® mark, and is North America's largest technology support organization.   Best Buy is the owner of the following U.S. Trademark Registrations for its GEEK SQUAD trademark:

| REG. NO. | MARK | GOODS/SERVICES | FIRST USE IN COMMERCE (at least as early as) |
|---|---|---|---|
| 1,943,643 |  | International Class 37: computer installation and repair<br><br>International Class 42: design of computers, computer software and computer networks | May 20, 1994 |
| 2,023,380 |  | International Class 25: clothing, namely, T-shirts | September, 1994 |

| REG. NO. | MARK | GOODS/SERVICES | FIRST USE IN COMMERCE (at least as early as) |
|---|---|---|---|
| 2,744,658 | GEEK SQUAD | <u>International Class 37</u>: computer installation and repair<br><br><u>International Class 42</u>: design of computers, computer software and computer networks | June 16, 1994 |
| 2,834,408 | GEEK SQUAD 24 HOUR COMPUTER SUPPORT TASK FORCE | <u>International Class 37</u>: computer installation and repair services | May 20, 1994 |
| 3,065,904 |  | <u>International Class 9</u>: Computer peripherals and accessories, namely, cables and connectors, surge protectors, universal power supplies and flash drives | October 24, 2004 |
| 3,462,060 |  | <u>International Class 37</u>: Home theater and car electronics installation and repair | July 15, 2007 |
| 3,457,884 | GEEK SQUAD | <u>International Class 37</u>: Home theater and car electronics installation and repair | July 15, 2007 |

U.S. Trademark Registration Nos. 1,943,643, 2,023,380, and 2,744,658 are valid, subsisting, enforceable, and incontestable pursuant to 15 U.S.C. § 1065.  U.S. Trademark Registration Nos. 2,834,408, 3,065,904, 3,462,060, and 3,457,884 are valid, subsisting and enforceable.  Copies of these registrations are attached as Exhibit A.  The marks covered by these registrations are collectively referred to herein as the "GEEK SQUAD Marks."

90512563.1

12.    Best Buy and its predecessors-in-interest have continuously used the GEEK SQUAD Marks in interstate commerce for technical support services since 1994.  The GEEK SQUAD Marks are distinctive, and generate a strong following and recognition among consumers.

13.    Best Buy's services offered under the GEEK SQUAD Marks include a range of information technology installation, repair, maintenance and consulting services offered to consumers and small businesses, such as network set-up and support, data backup and recovery, security audits, virus and spyware protection, and remote and on-site support for computers and other consumer electronics products.

14.    Best Buy and its GEEK SQUAD services and employees are referred to as "the Squad" in some competitor advertising.

15.    Since 1994, Best Buy and its predecessors-in-interest have given notice of its rights in the GEEK SQUAD Marks by using the appropriate registration symbol.

16.    Best Buy and its predecessors-in-interest, through continuous and uninterrupted use of the GEEK SQUAD Marks, have earned a reputation for knowledgeable, professional, and courteous customer service, as well as quality products. This reputation, goodwill, and name recognition have been derived, in part, from its commitment to service, satisfaction, and quality.  Its reputation, goodwill, trademarks, and name recognition are valuable assets to Best Buy.  Indeed, Best Buy was recently named one of Fortune magazine's fifty most admired companies.

17.    Best Buy and its predecessors-in-interest have invested a substantial amount of money and effort in advertising and promoting the GEEK SQUAD Marks. Best Buy's substantial promotional, advertising, publicity, and public relations activities further promote the recognition and goodwill associated with its GEEK SQUAD Marks. These activities include television, print media, billboard, online, radio and newspaper advertisements, promotional items, outdoor mobile advertising, such as on GEEK SQUAD® vehicles, and any and all other advertising media.

18.    Best Buy launched a website at GeekSquad.com in 1997.  Best Buy uses the GEEK SQUAD Marks extensively on this website and on Best Buy's website, BestBuy.com, to market its technical support services.

19.    Since 1994, Best Buy and its predecessors-in-interest have prominently featured the color orange in the GEEK SQUAD logo, on the GeekSquad.com website and other advertising of the GEEK SQUAD services, and in other presentations of the GEEK SQUAD Marks.  As a result, the color orange has become associated with Best Buy's GEEK SQUAD services.

20.    As a result of the above efforts, Best Buy's GEEK SQUAD Marks have become famous in Minnesota and throughout the country

## DEFENDANTS AND THEIR ACTIVITIES

21.    On information and belief, one or more of the Defendants registered the domain name supportsquad.com through GoDaddy.com on June 18, 2009, launched a website at www.supportsquad.com, and subsequently began to advertise remote technical

support services for computers and other consumer electronics products under the SUPPORTSQUAD mark.

22.   Defendants have marketed and market their technical support services on their www.supportsquad.com website and through telemarketing calls.

23.   Defendants also operate several online social networking profiles for SupportSquad                at                www.facebook.com/SupportSquad, http://www.twitter.com/supportsquad,   and   http://www.youtube.com/supportsquad. Defendants prominently feature the color orange in their SUPPORTSQUAD logo and on their SupportSquad.com website and other advertising of their technical support services.

24.   Defendant Elephant Group LLC filed an application with the United States Patent and Trademark Office on October 5, 2009 to register the mark SUPPORTSQUAD on the Principal Register for "Technical support services, namely, troubleshooting in the nature of the repair of computer hardware" in International Class 37.   The services covered by Defendant's application are identical and directly competitive with the services offered by Best Buy under the GEEK SQUAD Marks.   The application was filed on a use basis, claiming a date of first use of October 1, 2009.   In contrast, Best Buy has continuously used the GEEK SQUAD Marks in commerce since 1994 and such marks became famous in Minnesota and throughout the country prior to Defendants' first use of the SUPPORTSQUAD mark.

25.   On   information   and   belief,   Defendants   adopted   the   mark SUPPORTSQUAD with knowledge of Best Buy's use of the GEEK SQUAD Marks.

26.     On August 12, 2010, BBY Solutions filed a Notice of Opposition, recorded as Opposition No. 91196055,  with the Trademark Trial and Appeal Board of the United States Patent and Trademark Office, opposing Defendant Elephant Group Inc.'s trademark application for the mark SUPPORTSQUAD.  That opposition is still pending.

27.     These activities have caused, and are continuing to cause, actual confusion in the marketplace.  This actual confusion has damaged the reputation and goodwill embodied in Best Buy's GEEK SQUAD Marks.  On information and belief, Defendants are aware of such actual confusion and have used such confusion for financial gain.

28.     As a result of Defendants above-described conduct, Best Buy has suffered and continues to suffer damages including, without limitation, the loss of revenue it would have made but for Defendants' acts, in an amount to be proven at trial.

<u>EFFECT OF DEFENDANTS' ACTIVITIES ON THE</u>
<u>CONSUMING PUBLIC AND BEST BUY</u>

29.     Defendants' unauthorized use of the SUPPORTSQUAD mark in the manner described above is likely to cause confusion, to cause mistake, and/or to deceive consumers as to some affiliation, connection or association of Defendants with Best Buy and its GEEK SQUAD Marks, or as to the origin, sponsorship, or approval of Defendants' services.

30.     Defendants' unauthorized use of the SUPPORTSQUAD mark in the manner described above falsely indicates to Best Buy's existing and prospective customers that Defendants' services, originate with Best Buy, or are affiliated, connected or associated with Best Buy, or are sponsored, endorsed, or approved by Best Buy, or are

in some manner related to Best Buy and/or its GEEK SQUAD Marks, services or products.

31.     Defendants' unauthorized use of the SUPPORTSQUAD mark in the manner described above falsely designates the origin of Defendants' services and falsely and misleadingly describes and represents facts with respect to Defendants and their services.

32.     Defendants' unauthorized use of the SUPPORTSQUAD mark in the manner described above enables Defendants to trade on and receive the benefit of goodwill in those marks, which Best Buy has built up in the GEEK SQUAD Marks at great labor and expense over many years.  Defendants' unauthorized use also enables them to gain acceptance for their own services not solely on their own merits, but on the reputation and goodwill of Best Buy and the GEEK SQUAD Marks.

33.     Defendants' unauthorized use of the SUPPORTSQUAD mark is likely to cause dilution and is causing dilution of the distinctiveness the GEEK SQUAD Marks by blurring the distinctiveness of these famous marks.

34.     Defendants' unauthorized use of the SUPPORTSQUAD mark dilutes the GEEK SQUAD Mark by tarnishing the goodwill and reputation established by Best Buy and associated with the GEEK SQUAD Marks.

35.     Defendants' use of the SUPPORTSQUAD mark in the manner described above unjustly enriches Defendants at Best Buy's expense.

36.     Defendants' unauthorized use of the SUPPORTSQUAD Mark in the manner described above removes from Best Buy the ability to control the nature and quality of services provided under the GEEK SQUAD Mark and places the valuable reputation and goodwill of Best Buy in the hands of Defendants, over whom Best Buy has no control.

37.     Defendants' activities have caused irreparable injury to Best Buy, its goodwill and its customer relationships and, unless restrained by this Court, will continue to cause irreparable injury to Best Buy and to the public.  There is no adequate remedy at law for this injury.

38.     On information and belief, with respect to all acts by the SupportSquad Entities in connection with the previously described unauthorized use of the SUPPORTSQUAD mark, Defendant Aboud had the right and ability to supervise and control such acts, and had a financial interest in the unauthorized use of the SUPPORTSQUAD mark.  In addition, upon information and belief, Defendant Aboud was involved in the selection of the SUPPORTSQUAD Mark and made the decision for the SupportSquad Entities to begin improperly using the SUPPORTSQUAD mark.

39.     On information and belief, with respect to each of the previously-described unauthorized uses of the SUPPORTSQUAD mark, Defendant Aboud also actively encouraged, facilitated, caused, materially assisted, materially contributed to, and induced such uses by others, and at such time had actual knowledge of Best Buy's GEEK

SQUAD Marks and the lack of authorization by Best Buy to use the SUPPORTSQUAD mark.

40.    Defendants' actions complained of herein have been deliberate, willful, malicious and in bad faith, with the intent to mislead consumers and inflict injury on Best Buy.  This is an exceptional case under 15 U.S.C. § 1117(a).

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

41.    Best Buy repeats the allegations above as if fully set forth herein.

42.    The acts of Defendants complained of herein constitute infringement of Best Buy's federally registered GEEK SQUAD Marks in violation of 15 U.S.C. § 1114(1).

## COUNT II: FEDERAL UNFAIR COMPETITION

43.    Best Buy repeats the allegations above as if fully set forth herein.

44.    The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III: FEDERAL DILUTION

45.    Best Buy repeats the allegations above as if fully set forth herein.

46.    The acts of Defendants complained of herein constitute dilution of Best Buy's GEEK SQUAD Marks, in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

## COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT

47.     Best Buy repeats the allegations above as if fully set forth herein.

48.     The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of Minnesota and other states where Defendants are conducting their activities.

## COUNT V: DILUTION UNDER STATE LAW

49.     Best Buy repeats the allegations above as if fully set forth herein.

50.     The acts of Defendants complained of herein constitute dilution of Best Buy's GEEK SQUAD Marks in violation of the Minnesota Anti-Dilution Statute, Minn. Stat. Ann. § 333.285, and the dilution laws of other states where Defendants are conducting their activities.

## COUNT VI: DECEPTIVE TRADE PRACTICES ACT

51.     Best Buy repeats the allegations above as if fully set forth herein.

52.     Defendants' activities complained of herein constitute violations of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44 et seq.

## COUNT VII: VIOLATION OF ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(d)

53.     Best Buy repeats the allegations above as if fully set forth herein.

54.     Defendants' activities complained of herein constitute violation of under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

## COUNT VIII: UNJUST ENRICHMENT

55.    Best Buy repeats the allegations above as if fully set forth herein.

56.    Defendants' activities complained of herein constitute unjust enrichment of Defendants at Best Buy's expense.

## JOINT AND SEVERAL LIABILITY AS TO DEFENDANT ABOUD

57.    Defendant Aboud is also jointly and severally liable as a contributory infringer, insofar as, at a time when he had actual notice of Best Buy's GEEK SQUAD Marks and that the SUPPORTSQUAD Mark could not be used without Best Buy's permission, he nevertheless encouraged, facilitated, caused, materially assisted, materially contributed to, and induced the infringement of Best Buy's trademarks.

58.    Defendant Aboud is also vicariously liable for the SupportSquad Entities' infringement of Best Buy's trademarks, and as such is jointly and severally liable for all amounts which these Defendants may be found liable.

## PRAYER

WHEREFORE, BBY Solutions, Inc., Best Buy Stores L.P. and BestBuy.com, L.L.C. pray that:

A.    Defendants, their respective officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with, through, or under Defendants, be preliminarily and permanently enjoined and restrained, at first during the pendency of this action and thereafter perpetually, from:

1.      using or advertising the name and mark "SupportSquad" and the domain name "supportsquad.com" or any variation thereof, and any other mark, trade name or domain name that is confusingly similar to Best Buy's GEEK SQUAD Marks or likely to dilute their distinctive quality, including any other mark or name incorporating a "SQUAD" component;

2.      committing any acts of deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe that Defendants' goods or services are the goods or services of Best Buy or sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Best Buy under the supervision or control of Best Buy.

3.      committing any acts of unfair competition and from implying a false designation of origin or a false description or representation with respect to Best Buy's GEEK SQUAD Marks;

4.      attempting to register, or assisting or inducing a third party to seek to register, the mark "SUPPORTSQUAD" or any other mark, trade name or corporate name confusingly similar to Best Buy's GEEK SQUAD Marks or likely to dilute their distinctive quality; and

5.      registering, or assisting or inducing a third party to register, any domain names incorporating, in any way, "Support Squad," or any variation thereof, or which contain phrases confusingly similar to Best Buy's GEEK SQUAD Marks or likely to dilute their distinctive quality.

B.      Defendants be ordered to deliver to Plaintiffs any and all signage, invoices, business cards and other advertising or promotional materials in the possession of Defendants or under their control bearing the SUPPORTSQUAD mark.

C.      Defendants be ordered to transfer the domain name supportsquad.com to Plaintiffs.

D.      The Court enter an order pursuant to 15 U.S.C. § 1119, certified to the United States Patent and Trademark Office, directing that U.S. Application Serial No. 77/841,065 for the mark SUPPORTSQUAD be refused with prejudice.

E.      Defendants be ordered to file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after the entry and service upon Defendants of an injunction, a written report under oath setting forth details of the matter in which Defendants have undertaken to comply and are complying with the Court's order pursuant to paragraphs A-C above.

F.      Plaintiffs recover all damages they have sustained as a result of Defendants' activities and that said damages be trebled.

G.      Plaintiffs, at their election, recover statutory damages permitted under 15 U.S.C. § 1117(d) for Defendants' registration and use of the domain name supportsquad.com.

H.      An accounting be directed to determine Defendants' profits resulting from Defendants' illegal activities, and that such profits be paid over to Plaintiff and increased as the Court finds to be just under the circumstances of this case.

90512563.1

I.      Plaintiffs recover their reasonable attorney fees.

J.      Plaintiffs recover their costs of this action and prejudgment and post-judgment interest.

K.      Plaintiffs recover such other relief as the Court may deem appropriate in the circumstances.

Respectfully submitted,

Dated: August 2, 2011

/s/*Laura J. Borst*
Laura J. Borst, #32548X
FULBRIGHT & JAWORSKI L.L.P.
2100 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2212
Telephone:  (612) 321-2800
Facsimile: (612) 321-2288

Charles S. Baker, TX #01566200
*(Pro hac vice to be filed)*
FULBRIGHT & JAWORSKI L.L.P.
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:  (713) 651-5151
Facsimile: (713)  651-5246

ATTORNEYS FOR PLAINTIFFS
BBY SOLUTIONS, INC., BEST BUY
STORES, L.P., AND BESTBUY.COM, LLC

90512563.1